UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROGER L. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:16-CV-00187-ERW |
| | ) |
| ZURICH AMERICAN INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Zurich American Insurance Company's Motion to Dismiss or, in the alternative, Motion to Strike Certain Portions of Plaintiff's Second Amended Complaint. [ECF No. 29].

## I. BACKGROUND

*A. Procedural Background*

Plaintiff Roger L. Smith ("Plaintiff") initiated this lawsuit by filing a Petition in the Circuit Court of St. Louis County. [ECF No. 1; No. 3]. On February 11, 2016, Defendant Zurich American Insurance ("Defendant Zurich") removed this matter to this Court. [ECF No. 1; No. 4]. On July 25, 2016, Defendant Zurich filed a Motion to Dismiss, or, in the alternative, a Motion to Strike Certain Portions of Plaintiff's Amended Complaint. [ECF No. 29]. In addition to a response to the Motion, Plaintiff filed a Motion for Leave to File Second Amended Complaint on August 25, 2016, which this Court granted on August 29, 2016. [ECF No. 35; No. 37]. Plaintiff's Second Amended Complaint was filed on August 30, 2016. [ECF No. 38]. Because the Second Amended Complaint did not resolve the issues in the Motion to Dismiss, the Court allowed

Defendant Zurich to assert its Motion to Dismiss against the Second Amended Complaint without re-briefing the issues.

*B. Factual Background*

This lawsuit arises out of an alleged failure of Defendant Zurich to disperse an underinsured motorist payment to Plaintiff under a comprehensive insurance coverage plan provided to Plaintiff's employer, TJX Companies, Inc. ("TJX"). This lawsuit further arises out of Defendant Zurich's alleged failure to properly notice Travelers Companies ("Defendant Travelers"), Federal Insurance Company ("Defendant Federal"), and American Insurance Company ("Defendant American Insurance Company") of their alleged duty, as excess coverage carriers, to compensate Plaintiff for his injuries pursuant to Plaintiff's employer's commercial umbrella insurance policy agreement with Defendant Zurich. The following facts are accepted as true by this Court. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 958, 988 (8th Cir. 2010).

For several years before December 21, 2010, Plaintiff was employed by TJX, where he served as a top-tier management executive. [ECF No. 31, pgs. 1, 2]. As an executive with TJX, Plaintiff was compensated, in part, with a comprehensive package of benefits. [ECF No. 31, pg. 2]. Among these benefits are "significant thresholds of insurance policy coverage" for motor vehicle accidents involving executive employees, while in the course and scope of their employment. [ECF No. 31, pg. 2]. These benefits were provided and described under TJX's "Total Rewards Benefits." [ECF No. 31, pg. 2]. Plaintiff's TJX Total Rewards account number is 990566406. [ECF No. 31, pg. 2].

On December 21, 2010, in St. Louis County, Missouri, Plaintiff was involved in a motor vehicle accident. [ECF No. 31, pg. 1]. Plaintiff's motor vehicle was struck by Marc Smith, an

underinsured motorist, when he crossed into Plaintiff's traffic lane. [ECF No. 31, pg. 1; No. 38, pg. 3]. The motor vehicle Plaintiff was operating at the time of the accident was owned and insured by TJX. [ECF No. 31, pgs. 1, 4]. At the time of the accident, Defendant Zurich was TJX's insurance company. [ECF No. 31, pg. 4]. Plaintiff and Marc Smith subsequently settled their disputed claim for $25,000, which was the policy limit of Marc Smith's liability insurance policy. [ECF No. 31, pg. 1]. At some point after the accident, Plaintiff received a worker's compensation settlement from TJX. [ECF No. 31, pg. 4].

As a result of the accident, Plaintiff incurred actual and lost wages in excess of $2 million, actual and future medical bills in excess of $800,000, as well as pain and suffering. [ECF No. 38, pg. 4]. As a result of these costs, further compensation was needed to cover the medical expenses. [ECF No. 31, pg. 5].

Defendant Zurich asserts its underinsured motorist insurance coverage ("UIM") with TJX has a policy limit of $25,000, and when Plaintiff and Marc Smith settled, for $25,000, Defendant Zurich's obligation was voided. [ECF No. 38, pg. 4]. However, Plaintiff contends Defendant Zurich was required, under the policy, to notify Defendants Travelers, Federal and American Insurance ("Defendants"), as excess carriers under the umbrella insurance policy, that Plaintiff had exceeded the $25,000 limit and requested them compensate Plaintiff. [ECF. 38, pg. 4]. Plaintiff further contends because Plaintiff's medical expenses exceeded $25,000, which was the limit under Defendant Zurich's policy coverage, and because Plaintiff properly notified Defendant Zurich Plaintiff's expenses exceeded $25,000, Defendant Zurich failed to satisfy the terms and conditions of its insurance policy and failed to trigger excess carriers' policies (co-defendants) after Plaintiff notified Defendant Zurich. [ECF No. 38, pg. 4].

### C. Plaintiff's Counts Against Defendants

Plaintiff contends, in Count One, Defendant Zurich breached its contractual obligation to Plaintiff by either not properly tendering Plaintiff's claims to Defendant Travelers, Defendant Federal and Defendant American Insurance Company, or by failing to satisfy its contractual obligations to Plaintiff by cooperating in Defendants Travelers', Federal's and Defendant American Insurance Company's reasonable investigation of Plaintiff's insurance claim pursuant to the insurance contracts Plaintiff had with Defendant Zurich and/or TJX. [ECF. No. 38, pg. 5]. In Count Two, Plaintiff contends Defendant Zurich breached its duty of good faith and fair dealing by vexatiously, knowingly and wantonly refusing to pay Plaintiff's equitable demands without reason or cause to do so. [ECF No. 38, pgs. 5, 6]. Finally, Plaintiff contends, in Counts Three, Four and Five, Defendants Travelers, Federal and American Insurance Company breached their respective contractual obligations with Plaintiff or TJX to pay sums if Plaintiff's damages exceeded the policy limits set forth in Defendant Zurich's policy [ECF No. 38, pgs. 6-8].

## II. DISCUSSION

### A. Motion to Dismiss

Under Federal Rules of Civil Procedure ("FRCP") (12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). "A claim has facial plausibility when

the plaintiff pleads factual content that allowed the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court accepts "as true all of the factual allegations in the complaint," and affords the non-moving party "all reasonable inferences that can be drawn from those allegations" when considering a motion to dismiss. *Jackson v. Nixon*, 747 F.3d 537, 540-41 (8th Cir. 2014) (internal quotations and citations omitted). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Carton v. Gen. Motor Acceptance Corp*., 611 F.3d 451, 454 (8th Cir. 2010) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678 (internal citations omitted). Additionally, "some factual allegations may be so indeterminate that they require further enhancement in order to state a claim." *Braden v Wal-Mart Stores, Inc*., 588 F.3d 585, 594 (8th Cir. 2009).

A well-pleaded complaint may not be dismissed even if it appears proving the claim is unlikely and if the chance of recovery is remote. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). However, where the allegations on the face of the complaint show "there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Young v. St John's Mercy Health Sys*., No. 10-824, 2011 WL 9155, at *4 (E.D. Mo. Jan 3., 2011) (internal citation omitted). Further, if a claim fails to allege one of the elements necessary to recover on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). Bare assertions construing merely conclusory allegations failing to establish elements necessary for recovery will not suffice. *See id.* ("Plaintiffs, relying on facts not in the complaint, make bare assertions that [defendants] were not just lenders, but owners that controlled the RICO enterprise . . . these assertions are more of the same conclusory allegation . . . ."). Courts must assess the plausibility

5

of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal citation omitted). This inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

1. Analysis

In its motion, Defendant Zurich argues Plaintiff, in Count One, has failed to allege Plaintiff is an insured under Defendant Zurich's insurance policy issued to TJX. [ECF No. 30, pg. 3]. Further, Defendant Zurich contends it is unaware of any insurance policy it issued to TJX containing an underinsured motorist coverage provision under which Plaintiff is an insured, which warrants compensation for the circumstances of the accident at issue. [ECF No. 30, pg. 3]. Defendant Zurich asserts Plaintiff's bad faith claim, in Count Two, fails as a matter of law in Missouri, because an alleged insurer's wrongful refusal to pay its insured is simply a breach of contract. [ECF No. 30, pg. 4]. Additionally, Defendant Zurich contends Plaintiff's vexatious refusal to pay claim fails because Plaintiff has not pointed to a proper contractual provision in the insurance contract, nor has Plaintiff established he is an insured under the insurance agreement between Defendant Zurich and TJX. [ECF No. 30, pg. 4]. Finally, Defendant Zurich, in response to Plaintiff's Counts Three, Four and Five, asserts it had no obligation to tender Plaintiff's claim to Defendant Travelers, because Plaintiff was not an insured under the policy. [ECF No. 30, pg. 4]. Further, Defendant Zurich argues Federal and American Insurance Company, and Defendant Travelers, Federal and American Insurance Company, as excess carriers under the Umbrella Policy, had no contractual obligation to Plaintiff, because excess carriers' coverage is only

6

triggered when a third party claims is made against an insured. [ECF No. 32, pg. 8]. The Court will address each as follows.

### a. Count One – Breach of Contract

Defendant Zurich contends Plaintiff "bears the burden of proving coverage: that he is an insured and his loss is covered under the policy." [ECF No. 30, pg. 2]. Defendant Zurich argues Plaintiff failed to show he was insured under any underinsured motorist coverage provision of any policy issued by Defendant Zurich to TJX, and merely because TJX purchased a policy from Zurich is "in and of itself not sufficient." [ECF. No. 30, pg. 3]. Defendant Zurich does not dispute it issued an insurance policy to TJX. [ECF No. 32, pg. 3 n. 2]. However, Defendant Zurich contends Plaintiff has not established he qualified as an insured under TJX's policy. [ECF No. 32, pg. 3 n.2]. Further, Defendant Zurich asserts Business Auto Policies, similar to the one at issue, contain different or desired coverages and/or endorsements. [ECF No. 32, pg. 3]. Under these commercial policies the purchaser (employer) chooses the coverage. [ECF No. 32, pg. 3]. Defendant Zurich claims UM and UIM insurance is not mandatory in all states, and Defendant Zurich's Policy issued to TJX did not include UIM coverage. [ECF No. 32, pg. 4]. Because Plaintiff fails to demonstrate a contractual relationship, Defendant Zurich contends a required element for a claim of breach of contract is absent. [ECF No. 30, pg. 3; No. 32, pg. 2].

In his response, Plaintiff argues no "magic words are required to survive a motion to dismiss." [ECF No. 31, pg. 4]. Plaintiff alleges he was operating a vehicle owned or leased by TJX Companies, and was "acting and traveling within the defined and established course and scope of his employment" when the accident occurred with Marc Smith. [ECF No. 31, pg. 1]. Through this, Plaintiff alleges he is an insured under the policy.

7

For a plaintiff to establish prima facie case of insurance coverage, a plaintiff must show: "(1) the insurer issued its policy to the insured, (2) the insured paid the premium, (3) a loss was caused by a peril the policy insures against, and (4) the insured have notice of the loss to the insurer as required by the terms of the policy." *Country Mut. Ins. Co. v. Omicron Capital*, *LLC*, No. 4:13–CV–1476–SPM, 2015 WL 1894997, at *7 (E.D. Mo. Apr. 27, 2015) (citing *Wright v. Blevin*, 380 S.W.3d 8, 11(Mo. Ct. App. 2012)).

Here, Plaintiff has alleged facts to establish all the elements to survive a motion to dismiss. Plaintiff alleges he was employed by TJX at the time of the collision, and the vehicle was leased or owned by TJX. [ECF No. 38, pg. 3]. Plaintiff asserts coverage as an insured under Business Auto Policy 4030146-03, which Defendant Zurich issued to TJX. [ECF No. 32, pg. 3; No. 38, pg. 4]. Lastly, Plaintiff provided notice to Defendant Zurich about the loss as a result of the accident. [ECF No. 31, pg. 5]. Defendant Zurich's reliance on *Anton v. National Union Fire Insurance Company of Pittsburgh Pennsylvania*, 634 F.3d 364 (6th Cir. 2011), although persuasive in authority, is unfounded. In *Anton*, the Sixth Circuit held the plaintiff's claim failed, because his employer's Business Auto Policy did not provide UIM benefits in Michigan. *Id*. The plaintiff was an executive at General Motors. *Id.* at 367. The plaintiff and his wife were injured in a car accident, in Michigan, while plaintiff was driving the car. *Id*. National Union issued a business auto policy to General Motors. *Id.* at 365. The insurance policy did not provide an endorsement for UIM Coverage. *Id.* at 367. Although Defendant Zurich argues this case is similar to the situation before the Court, because both plaintiffs were similarly situated executives, both plaintiffs were injured in a car accident, and, in Defendant Zurich's interpretation, Plaintiff's auto policy, like the plaintiff's auto policy in *Anton*, did not include an endorsement for UIM insurance, this case can be distinguished through its procedural posture.

8

*Anton*, was presented to the Sixth Circuit on appeal from summary judgment, not in response to a motion to dismiss. Here, we must accept Plaintiff's allegations as true and Plaintiff has alleged he is an insured and the policy contained UIM coverage. Therefore, because Plaintiff has pled the necessary facts to meet the required elements under the cause of action, this Court will not grant Defendant Zurich's Motion to Dismiss under Count One.

      b. Count Two - Bad Faith/ Vexatious Refusal to Pay

        i. Bad Faith Claim

Defendant Zurich claims Count Two, a bad faith claim, fails as a matter of law, because Missouri law does not recognize bad faith first-party insured claims against an insurer, but instead provides that a wrongful refusal to pay is mere breach of contract. [ECF No. 30, pg. 4]. Plaintiff asserts Defendant Zurich, through its failure to equitably compensate Plaintiff for his medical bills, lost wages and pain and suffering, breached the duties of good faith and fair dealing. [ECF No. 38, pg. 6].

This Court has previously held "'[a]s a general principle, no fiduciary duty exists between an insurer and its insured under Missouri law.'" *Cuggino v. Nationwide Ins. Co. of Am.*, No. 4:15-CV-250-CEJ, 2016 WL 233240, at *2 (E.D. Mo. Jan. 20, 2016) (citing *Dairy Farmers of Am., Inc.*, 292 F.3d 567, 572 (8th Cir. 2002)). However, "'an insurer-insured fiduciary relationship can arise in certain circumstances, especially if the insurer is 'entrusted to defend a claim on behalf of the insured.'" *Id.* at *2 (internal citations omitted). Here, however, there are no third party claims against an insured. Plaintiff, an, insured is pursuing compensation from his insurer. Therefore, this case remains governed by the general principle no such duty exists where

"the insured is making a first party claim against the insurer." *Id.*; *see Pool v. Farm Bureau Town & Country Ins. Co. of Mo.*, 311 S.W.3d 895, 905-06 (Mo. Ct. App. 2010).[1]

The Missouri Supreme Court, in *Overcast v. Billings Mutual Insurance Company*, limited first-person insurance claims from insured against insurer by stating "[w]hen an insurance company wrongfully refuses payment of a claim to its insured, the company has simply breached its contract." 11 S.W.3d 62, 67 (Mo. 2000). A plaintiff's damages for breach of contract are limited to the loss of the benefit itself, and should place the insured in the position he would have been in had the contract been performed. *Id*. The Missouri Supreme Court further explained "[n]o tort claim has supplanted the basic contract claim and remedy where an insurance company wrongfully refuses to pay a loss incurred by its own insured." *Id.* This principle is further supported by Missouri Revised Statute § 375.420, which provides additional remedies for plaintiffs only where the insurer wrongfully refuses to pay "without reasonable cause or excuse." Because this statute provides remedies in excess of contractual damages only where an insurer vexatiously refuses to pay, it further supports the Missouri legislature's intent, consistent with Missouri law, to provide contractual damages as the sole source of relief for claims of bad faith refusal to pay against insurers. Therefore, because bad faith refusal to pay does not exist as a matter of law in Missouri, Plaintiff's bad faith claim against Defendant Zurich will be dismissed.

      ii.  Vexatious Refusal to Pay Claim

Defendant Zurich asserts, Plaintiff's claim Defendant Zurich vexatiously refused to pay Plaintiff's demand fails, because Plaintiff cannot establish the necessary contractual relationship.

---

[1] This Court, in this action, defers to Missouri case law, because this case arrived in federal court through diversity of citizenship jurisdiction under 28 U.S.C. § 1332. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.").

[ECF No. 30, pg. 4]. In his response, Plaintiff asserts Defendant Zurich issued an insurance policy to TJX, TJX, under which Plaintiff was covered. [ECF No. 38, pg. 6]. Plaintiff also asserts Defendant Zurich received proper notice of Plaintiff's claim for compensation, Defendant Zurich did not perform a reasonable investigation into the claim, and Defendant Zurich's refusal to pay was willful and "without reasonable cause or excuse." [ECF No. 31, pg. 5; 38, pg. 6].

To establish a claim for vexatious refusal to pay, "[insured] must prove (1) they had an insurance policy with [insurer]; (2) [insurer] refused to pay; and (3) [insurer's] refusal was without reasonable cause or excuse." *Country Mut. Ins. Co.*, 2015 WL 1894997, at *9; *see also Dhyne v. State Farm Fire & Cas. Co.*, 188 S.W.3d 454, 457 (Mo. 2006) (citing Mo. Rev. Stat. § 375.420). Plaintiff has plead sufficient facts to state a claim for vexatious refusal to pay. Plaintiff alleged, as a top-tier management executive within TJX, he was provided with a comprehensive package of benefits titled TJX Total Rewards, which included an insurance policy coverage for accidents involving employees. [EFC No. 31, pg. 2]. Additionally, Plaintiff, pursuant to TJX's underinsured motorist policy, demanded Defendant Zurich "pay a sum that would equitably compensate him for his medical bills, lost wages and pain and suffering." [ECF. No. 38, pg. 6]. Plaintiff alleges a demand for equitable compensation was made to Defendant Zurich in accordance with the "terms and provisions of the contract of insurance," and occurred more than thirty days before Plaintiff filed this lawsuit. *Id*. Plaintiff alleges Defendant Zurich "vexatiously, knowingly and wantonly refused to pay said equitable demand," and supports this statement by alleging Defendant Zurich "did not conduct a reasonable investigation before denying Plaintiff's demand." *Id*. Therefore, according to Plaintiff, when Defendant Zurich received notice of Plaintiff's claim for compensation and Defendant Zurich did not perform a reasonable

11

investigation, Defendant Zurich's refusal to pay was willful and "without reasonable cause or excuse." *Id*.

Because Plaintiff has sufficiently pled the facts necessary to warrant a cause for relief, Defendant Zurich's Motion to Dismiss Count Two- Vexatious Refusal to Pay will be denied.

      c.   Count Three –Declaratory Relief against Defendant Travelers;
           Count Four – Declaratory Relief against Defendant Federal; and
           Count Five –Declaratory Relief against Defendant American Insurance Company

Defendant Zurich asserts the Commercial Umbrella Liability Policy alleged in Counts Two, Three, Four and Five, issued by American Guarantee & Liability Insurance Company (AGLIC), does not provide coverage for a first party UIM claim against the insurer. [ECF No. 32, pg. 7]. Therefore, according to Defendant Zurich, coverage from Defendants Zurich, Travelers, Federal and American Insurance ("Defendants") would only be triggered when "TJX and/or its employee(s) are liable to injured third parties above the $1,000,000 Business Auto liability coverage. [ECF No. 32, pg. 7].

Plaintiff asserts Defendants had a contractual obligation with either Plaintiff, TJX or Defendant Zurich requiring Defendants to pay sums if Plaintiff's damages exceeded the policy limits set forth in Defendant Zurich's policy. [ECF No. 38, pg. 7]. Plaintiff contends because he incurred damages in excess of Defendant Zurich's Policy limits and because Defendants have not compensated Plaintiff, Defendants have breached their contractual obligation to Plaintiff. [ECF No. 38, pg. 7].

In these counts, Plaintiff alleged sufficient facts to survive Defendant Zurich's Motion to Dismiss. Plaintiff has alleged there was a contractual relationship with Defendants based on an insurance policy issued by Defendant Zurich and Defendants have not compensated Plaintiff. [ECF 38, pg. 7]. Defendant Zurich relies on *Lero v. State Farm Fire and Casualty Company*, 359

12

S.W.3d 74 (Mo. Ct. App. 2011) and *West v. Transamerica Insurance Company*, 614 S.W.2d 752, 754 (Mo. App. 1981) in support of dismissal. Both *Lero* and *Transamaerica Insurance Company* are cases in which Missouri courts have held commercial umbrella policies cover "tort liability to third persons." 359 S.W.3d at 82; 614 S.W.2d at 754. In these cases, the plaintiff's claims were dismissed on summary judgment. Here plaintiff has alleged facts to satisfy the standards of FRCP Rule 8, "a short and plain statement of the claim showing that the pleader is entitled to relief," and survive a motion to dismiss. Fed. R. Civ. P. 8. Therefore, the Court will not dismiss Counts Three, Four and Five of Plaintiffs Second Amended complaint.

    *B. Motion to Strike*

Rule 12(f) of the FRCP provides courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. Civ. P. 12(f). Although district courts enjoy liberal discretion under the rule, striking a party's pleadings is an extreme measure, and motions to strike are viewed with disfavor and are infrequently granted. *Stanbury Law Firm*, *P.A. v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000).

When a defense is insufficient as a matter of law, it should be stricken to eliminate delay and the unnecessary expense of litigating it at trial. *See FDIC v. Collins*, 920 F. Supp. 30, 33 (D. Conn. 1996); *RTC v. Youngblood*, 807 F.Supp. 765, 769 (N.D. Ga. 1992); *FDIC v. Eckert Seamans Cherin & Mellot*, 754 F. Supp. 22, 23 (E.D.N.Y. 1990); *Purex Corp., Ltd. v. Gen. Foods Corp.*, 318 F. Supp. 322, 323 (D.C. Cal. 1970).

    1. Analysis

Defendant Zurich contends Plaintiff's Second Amended Complaint contains three paragraphs that are immaterial and impertinent to Plaintiff's claim and should be stricken - Plaintiff's introduction, second and sixth paragraphs. [ECF No. 30, pg. 5].

Defendant Zurich first claims the introduction paragraph of Plaintiff's Second Amendment Complaint is "purely generalized argument." [ECF No. 30 pg. 5]. In support of this allegation, Defendant Zurich asserts the paragraph is purely "argumentative with no factual specifics," and as such "lacks a relationship to the claim for relief." [ECF No. 30 pg. 5]. Defendant Zurich also claims the second and sixth paragraphs of Plaintiff's Second Amended Complaint should be stricken. [ECF No. 30-5]. Defendant Zurich asserts Plaintiff conflated Defendant Zurich with a non-party Zurich Insurance Group Limited and incorrectly alleges "Defendant [Zurich American Insurance Company] is a Switz [sic] company." [ECF No. 30 pg. 6]. Thus, according to Defendant Zurich, because Plaintiff's Second Amended Complaint "involves an entirely different entity" than Defendant Zurich, it is immaterial, impertinent and lacks any relationship to the issues or claims in this suit. *Id*.

In response, Plaintiff asserts "there is nothing in the Amended Complaint that is redundant, immaterial, impertinent or scandalous." [ECF No. 31, pg. 8]. Plaintiff emphasizes nothing in the introduction paragraph supports Defendant Zurich's Motion to Strike. [EFC No. 31, pg. 9]. Plaintiff argues any "'scandalous allegations'" are of no fault of the Plaintiff. [ECF No. 31, pg. 8]. According to Plaintiff, "[i]t is scandalous that an insurance company can receive over a million dollars a year in premiums from TJX and then claim that [Plaintiff] is not an 'insured.'" [ECF No. 31, pg. 8]. Thus, according to Plaintiff, it is "scandalous" Defendant Zurich has taken such "extreme measures" not to compensate Plaintiff. [ECF No. 31, pg. 8].

Although district courts may enjoy liberal discretion under the rule, striking a party's pleadings is an extreme measure and is infrequently granted. *Stanbury Law Firm*, 221 F.3d at 1063. Defendant Zurich's main contention is Plaintiff has conflated Defendant Zurich with a non-party affiliate. [ECF No. 30, pg. 6]. However, Plaintiff's Second Amended Complaint has

resolved the issue and has expressly named Defendant Zurich and forgone the inclusion of Zurich Insurance Group Limited. [ECF No. 38, pg. 2]. Furthermore, none of Plaintiff's alleged "scandalous allegations" warrant this Court to strike them from Plaintiff's complaint. Accordingly, Defendant Zurich's Motion to Strike will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Zurich American Insurance Company's Motion to Dismiss Plaintiff's Second Amended Complaint, Or, In the Alternative, Motion to Strike Certain Portions of Plaintiff's Second Amended Complaint [ECF No. 29] is **GRANTED**, in part, and **DENIED**, in part**.**

Dated this 28th Day of November, 2016.

*E. Richard Webber* (signature)

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**