UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROGER SMITH, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| v. ) | No. 4:16CV00187 ERW |
| ) | |
| ZURICH AMERICAN INSURANCE ) | |
| COMPANY, et al., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant The Travelers Company's Motion to Dismiss for Insufficient Process and Insufficient Service of Process [ECF No. 54].

I. **BACKGROUND**

On December 29, 2015, Plaintiff Roger L. Smith ("Plaintiff") filed a petition in the Circuit Court of Saint Louis County, Missouri, asserting Defendant Zurich American Insurance Company breached its contract with Plaintiff to pay for Plaintiff's damages from a car accident with an underinsured motorist. On February 11, 2016, the matter was removed to this Court. On July 8, 2016, Plaintiff filed a first amended complaint adding The Travelers Company ("Defendant Travelers"), Chubb Limited, and Allianz SE as defendants. On August 30, 2016, Plaintiff filed a second amended complaint removing Chubb Limited and Allianz SE as defendants and adding Federal Insurance Company and The American Insurance Company.

On February 10, 2017, Ivelisse Reyes, a legal secretary employed by a subsidiary of Defendant Travelers, was served with the second amended complaint and a request to waive service of summons. ECF No. 53-1. Defendant Travelers now seeks for dismissal of Count III for failure to obtain sufficient process or service of process.

1

## II.     DISCUSSION

Federal Rule of Civil Procedure ("FRCP") 4(c)(1) requires a summons to be served to the defendant, along with a copy of the complaint. The summons and complaint must be served within the time allowed by Rule 4(m). *Id*. Rule 4(m) allows for 90 days to serve a complaint, unless good cause is shown for the failure to serve within the specified time period.[1] Rules 12(b)(4) and 12(b)(5) permit a defendant to challenge the sufficiency of process or service of process in a motion to dismiss. If service is ineffective, the Court may dismiss the action or quash service but retain the case. *Sheely v. Gear/tronics Indus., Inc.*, No. 1:15-CV-00048 SNLJ, 2015 WL 4958083 at *3 (E.D. Mo. Aug. 19, 2015) (citing *Marshall v. Warwick*, 155 F.3d 1027, 1032-33 (8th Cir. 1998)).

Here, it is clear Defendant Travelers was not properly served, because it was not served with a summons as required by FRCP 4. Plaintiff does not challenge this conclusion in his response to the motion to dismiss. Plaintiff argues his efforts to properly serve Defendant Travelers constitutes reasonable compliance with the rules and Defendant Travelers was not prejudiced by the oversight because it received notice of the lawsuit. Whether or not a defendant has actual notice of a lawsuit, if service of process is not made according to the federal rules, the Court lacks jurisdiction. *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996); *Sieg v. Karnes*, 693 F.2d 803, 807 (8th Cir. 1982). Therefore, the Court can either quash Plaintiff's service or dismiss the count asserted against Defendant Travelers, which is Count III.

Defendant Travelers asks the Court to dismiss Count III with prejudice pursuant to Rule 41(b) due to Plaintiff's failure to effectuate service in the time ordered by the Court. Plaintiff's second amended complaint was filed on August 30, 2016. On January 30, 2017, the Court issued

---

[1] Rule 4(m) was amended in 2015 to change the length of time for service from 120 days to 90 days.

an order requiring Plaintiff to show cause no later than February 9, 2017, as to why Defendant Travelers had not been served. Plaintiff responded to the Court and asked for an extension of time until February 17, 2017, to issue service, which was granted. Defendant Travelers asserts the Court should dismiss with prejudice because Plaintiff did not comply with the Court's order and effectuate service before February 17, 2017.

Rule 41(b) states "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "Dismissal with prejudice under Fed. R. Civ. P. 41(b) is a drastic sanction which should be exercised sparingly." *Pardee v. Stock*, 712 F.2d 1290, 1290 (8th Cir. 1983). "The court should resort to dismissal of an action only when there has been a "clear record of delay or contumacious conduct by the plaintiff." *Id*. Imposing dismissal with prejudice in this circumstance would be an abuse of discretion. Plaintiff's mistake in serving Defendant Travelers with a waiver of summons rather than the summons was not willful or to cause delay. The Court will quash Plaintiff's service, but will not dismiss Count III against Defendant Travelers. Plaintiff shall effectuate proper service on Defendant Travelers within fourteen days of this order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant The Travelers Company's Motion to Dismiss for Insufficient Process and Insufficient Service of Process [ECF No. 54] is **GRANTED, in part,** and **DENIED, in part**.

Dated this 23rd Day of March, 2017.

_E. Richard Webber_
_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE