UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROGER L. SMITH, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) No. 4:16CV00187 ERW |
| | ) |
| ZURICH AMERICAN INSURANCE | ) |
| COMPANY., et al., | ) |
| | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Zurich American Insurance Company's Motion for Summary Judgment [ECF No. 62], Defendant American Insurance Company's Motion for Summary Judgment [ECF No. 72], Defendant Federal Insurance Company's Motion for Summary Judgment [ECF No. 76], and Defendant Zurich American Insurance Company's Motion to Deem Facts Admitted and Strike Plaintiffs' Additional Facts [ECF No. 80].

**I.    BACKGROUND**

This lawsuit originated in the Circuit Court of St. Louis County, Missouri when Plaintiff Roger L. Smith ("Plaintiff") filed a petition against Defendant Zurich American Insurance Company ("Zurich"). After removal to this Court, Plaintiff filed a First Amended Complaint adding Defendants The Travelers Companies ("Travelers"), Chubb Limited, and Allianz SE. On August 30, 2016, Plaintiff filed a Second Amended Complaint removing Chubb Limited and Allianz SE as defendants and adding Federal Insurance Company ("Federal") and The American Insurance Company ("American") as defendants. Plaintiff's Second Amended Complaint alleges Defendants failed to pay Plaintiff for his injuries in an automobile accident under insurance policies issued by Defendants to Plaintiff's employer. The Complaint includes five counts: (1)

Breach of Contract against Zurich; (2) Bad Faith/Vexatious Refusal to Pay by Zurich; (3) Request for Declaratory Relief against Travelers; (4) Request for Declaratory Relief against Federal; and (5) Request for Declaratory Relief against American. Each Request for Declaratory Relief asks the Court to determine Travelers, Federal, and American have contractual obligations to pay sums if Plaintiff's damages exceed the policy limits set forth in the Zurich policy. The undisputed facts are as follows.

A. *Uncontroverted Facts*

Plaintiff was involved in a motor vehicle accident on December 31, 2010, in St. Louis County, Missouri. ECF No. 64, ¶ 1; 68, ¶ 1. At the time of the accident, Plaintiff was in the course and scope of his employment with TJX Companies, Inc. ("TJX") ECF No. 64, ¶ 2; 68, ¶ 2. TJX owned or leased the vehicle in which Plaintiff was traveling at the time of the accident. ECF No. 64, ¶ 3; 68, ¶ 3. At all relevant times, the vehicle was located in Missouri. ECF No. 64, ¶ 4; 68, ¶ 4. Plaintiff filed a lawsuit against Marc Smith for causing the accident and settled those claims for Mr. Smith's $25,000 per person policy limit. ECF No. 64, ¶ 5, 6; 68, ¶ 5, 6. Plaintiff also asserted a workers' compensation claim against TJX, which was settled for $125,574.00. ECF No. 64, ¶ 7; 68, ¶ 7.

Zurich issued Business Auto Policy No. BAP 4020146-03 ("Zurich policy") to the named insured, TJX. ECF No. 64, ¶ 8; 68, ¶ 8. The Zurich policy had a coverage period of July 1, 2010, to July 11, 2010. ECF No. 64, ¶ 9; 68, ¶ 9. The Business Auto Declarations of the Zurich policy contains a chart of coverages. ECF No. 64, ¶ 10; 68, ¶ 10. Where it lists Underinsured Motorists, it states "SEE ENDT." ECF No. 64, ¶ 10; 68, ¶ 10. The endorsement, titled Uninsured Motorist Summary, includes a list of all fifty states plus the District of Columbia and Puerto Rico with a notation next to each if coverage is available. ECF No. 64, ¶ 11; 68, ¶ 11. For Missouri, it states

2

"25,000 / 50,000 UM ONLY – NO UIM."[1] ECF No. 64, ¶ 12; 68, ¶ 12.

The Zurich policy also contains a Missouri Split Underinsured Motorists Coverage Limits Endorsement that purports to modify Missouri Underinsured Motorists Coverage to have limits of $25,000 for each person and $50,000 for each accident. ECF No. 64, ¶ 19; 68, ¶ 19. TJX intended to obtain coverage for underinsured motorists coverage only in those states in which underinsured motorists coverage is mandatory, not optional. ECF No. 64, ¶ 20.[2] TJX did not intend to obtain underinsured motorists coverage in states where it is optional, because employees receive workers compensation benefits through a separate policy. ECF No. 64, ¶ 21.[3] TJX did not intend to obtain underinsured motorists coverage for Missouri. ECF No. 64, ¶ 22.[4] On June 28, 2010, TJX Vice President Joan Korzec-Brown signed an Uninsured/Underinsured Motorists Coverage Selection/Rejection/Limits Summary form for the Zurich policy, and its predecessor. ECF No. 64, ¶ 23.[5] For Missouri, the form attached to the Zurich policy at issue in this case stated "No coverage UIM." ECF No. 64, ¶ 22.[6] Zurich did not intend for the Zurich policy to provide UIM coverage, because it was not requested by TJX.[7]

The only other insurance policy issued by Zurich to TJX that potentially provides

---

[1] UIM refers to underinsured motorist.

[2] Plaintiff denies this fact and cites to Exhibits A and F, ECF No. 68. Exhibit A Is the endorsement for Missouri Split Underinsured Motorists Coverage Limits which does not state TJX's intentions. It is unclear to the Court what Exhibit F is, but it does not address the intentions of TJX. Plaintiff has not controverted this fact.

[3] Same as the previous footnote.

[4] Same as the previous footnote.

[5] Plaintiff denies this fact and cites to Exhibits A and F, ECF No. 68. These exhibits do not reference the Uninsured/Underinsured Motorists Coverage Selection/Rejection/Limits Summary form or Vice President Joan Korzec-Brown and are not relevant to the fact at issue. Plaintiff has not controverted this fact.

[6] Same as the previous footnote.

[7] Plaintiff denies this fact and cites to Exhibits A and F, ECF No. 68. These documents do not show whether Zurich intended to provide UIM coverage or not. Plaintiff has not controverted this fact.

3

coverage for an automobile accident on December 31, 2010, is Commercial Umbrella Liability Policy No. AUC 9671122 02 ("Umbrella Policy"). ECF No. 64, ¶ 26.[8] TJX Companies has additional insurance policies for sums in excess of the insurance policy with Zurich with American and Federal. ECF No. 73, ¶¶ 7, 8; 77-1, ¶ 7.[9] Federal's excess liability policy, 7974-57-55, provides excess liability coverage in the amount of $25,000,000 that is triggered once the underlying limit of insurance in the amount of $75,000,000 is exhausted.

The Court will address each defendant's motion for summary judgment and Zurich's motion to strike.

## II. STANDARD

A court shall grant a motion for summary judgment only if the moving party shows "there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). By definition, material facts "might affect the outcome of the suit under the governing law," and a genuine dispute of material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

---

[8] Plaintiff denies this fact and cites to Exhibit H, ECF No. 68. Exhibit H is a compilation of various insurance policies issued to TJX. However, these policies were issued by other companies, not by Zurich. Therefore, they do not controvert the fact.

[9] Plaintiff did not file a response to American or Federal's statements of material facts. Therefore, the Court accepts these facts as admitted.

The moving party bears the initial burden of proof in establishing "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). If the moving party meets this initial burden, the non-moving party must then set forth affirmative evidence and specific facts demonstrating a genuine dispute on the specific issue. *Anderson*, 477 U.S. at 250. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but, by affidavit and other evidence, must set forth specific facts showing a genuine dispute of material fact exists. Fed. R. Civ. P. 56(c)(1); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). The non-moving party must demonstrate sufficient favorable evidence that could enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

In ruling on a motion for summary judgment, the Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.* The Court must view the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Reed v. City of St. Charles*, 561 F.3d 788, 790 (8th Cir. 2009).

**III.   DISCUSSION**

    A.    *Zurich's Motion to Deem Facts Admitted and Strike Additional Facts*

In its motion, Zurich asks the Court to deem the facts listed in its statement of

5

uncontroverted facts as admitted for the purpose of its summary judgment motion and strike Plaintiff's additional facts listed in response to Zurich's motion for failure to comply with the Federal Rules of Civil Procedure ("FRCP") and local rules.

FRCP 56(e) states "if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment . . .; or (4) issue any other appropriate order." The Eighth Circuit Court of Appeals has recognized a district court has liberal discretion under Rule 12(f), but "striking a party's pleadings is an extreme measure, and, as a result, we have previously held that motions to strike under [Rule 12(f)] are viewed with disfavor and are infrequently granted." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotations omitted).

The Court finds it unnecessary to strike specific factual statements, because the Court can simply disregard portions of any statement of fact which are not supported by admissible evidence. Additionally, when determining which facts are undisputed, the Court determines whether a fact has been properly disputed or controverted before relying on the fact to determine summary judgment. Zurich filed objections to Plaintiff's response to its statement of undisputed material facts and additional facts, which incorporate all of its arguments contained in this motion to strike. The Court will deem admitted those facts which are not properly controverted according to the FRCP and local rules. Therefore, the Court will deny this motion.

  B. *Zurich's Motion for Summary Judgment*

Zurich asserts, in its Motion for Summary Judgment, Plaintiff's claims must be dismissed because the Zurich policy issued to TJX does not include underinsured motorist coverage in

6

Missouri and there is not a commercial umbrella policy covering Plaintiff's claims. An endorsement for underinsured motorist insurance in Missouri was attached to the Zurich policy, but Zurich claims it was attached in error, is the result of a mutual mistake between Zurich and TJX, and does not provide coverage. According to Zurich, because there is no coverage available, Plaintiff's claims fail, including its claim for vexatious refusal to pay. Plaintiff asserts there are genuine issues of material fact regarding whether underinsured motorist coverage and excess coverage were in effect in Missouri. Plaintiff argues it would be unconscionable for Plaintiff not to be compensated due to a mutual mistake between Zurich and TJX. He claims he reasonably relied on the endorsement. Finally, Plaintiff argues there is a genuine issue of material fact as to whether Zurich improperly failed to notify the other insurance carriers of the triggering condition to provide coverage for Plaintiff's injuries.

1. Missouri Law for Insurance Policy Interpretation[10]

Interpretation of an insurance policy is a question of law. *Keisker v. Farmer*, 90 S.W.3d 71, 74 (Mo. 2002). The insured bears the burden of proving coverage under a policy while the insurer bears the burden of proving any exclusion. *Midwest Reg'l Allergy v. Cincinnati Ins. Co.*, 795 F.3d 853, 856 (8th Cir. 2015). General rules of interpretation for contracts apply to insurance policies as well. *Peters v. Emp'rs Mut. Cas. Co.*, 853 S.W.2d 300, 301 (Mo. 1993). The policy must be construed as a whole so as not to render any terms meaningless. *Midwest Reg'l Allergy*, 795 F.3d at 856. When construing the terms of an insurance policy, courts apply the meaning an ordinary person of average understanding would use. *Burns v. Smith*, 303 S.W.3d 505, 509 (Mo. 2010). "The proper interpretation of an insurance policy depends on whether the policy's

---

[10] Because federal jurisdiction in this matter is based on diversity, state law controls interpretation of the policy. *Midwest Reg'l Allergy v. Cincinnati Ins. Co.*, 795 F.3d 853, 856 (8th Cir. 2015). There is no dispute between the parties Missouri substantive law controls.

language, when considered within the context as a whole, is ambiguous." *DeAtley v. Mut. of Omaha Ins. Co.*, 701 F.3d 836, 838 (8th Cir. 2012). If an ambiguity arises, it is generally resolved in favor of the insured. *Id*. at 510. "An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy." *Id*. at 509. Exclusionary clauses are strictly construed against the drafter. *Id*. at 510. The Court will apply these rules to the insurance policies at issue in this matter.

2.   Underinsured Motorist Coverage under the Zurich Policy

Whether Plaintiff's injuries are covered by the Zurich policy requires the Court to examine the Zurich policy in detail. The issue in this matter is whether the Zurich policy provides underinsured motorist coverage. There is no dispute Plaintiff was driving a vehicle owned or leased by TJX in the course and scope of his employment with TJX.

In the Zurich policy, the schedule of coverages and covered autos states "SEE ENDT" for underinsured motorists. ECF No. 64-3, pg. 9. The endorsement for uninsured motorist coverage summary states "25,000/50,000 UM ONLY – NO UIM" next to Missouri, indicating no underinsured motorist coverage is provided. ECF No. 64-3, pg. 22. The Missouri Uninsured Motorists Coverage endorsement states "Limit of Insurance: See Split Limit UM/UIM Endt." ECF No. 64-3, pg. 111. Based on these provisions, there is no underinsured motorist coverage for Missouri.

However, the Zurich policy also includes an endorsement titled "Missouri Split Underinsured Motorists Coverage Limits." ECF No. 64-5, pg. 17. It states:

> For a covered 'auto' . . . in Missouri, this endorsement modifies insurance provided under the following: Missouri Underinsured Motorists Coverage. With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

ECF No. 64-5, pg. 17. It then lists a schedule for bodily injury which lists "$25,000 Each

8

Person" and "$50,000 Each Accident." ECF No. 64-5, pg. 17.

The two endorsements important to the question before the Court are the "coverage endorsement," which lists the states and what coverage is provided in each state, and the "limit endorsement," which specifies the limit of insurance for bodily injury. The coverage endorsement describes what claims are covered by the policy. Here, damages caused by underinsured motorists are not covered. The limit endorsement does not provide coverage; it simply states the monetary limits of coverage if coverage is provided elsewhere in the Zurich policy. The limits of underinsured motorist coverage, if it had been provided in the coverage endorsement were $25,000/$50,0000. These two endorsements are not in conflict; the Zurich policy is not ambiguous. The Zurich policy does not provide underinsured motorist coverage in Missouri.

### 3. Duty to Inform

Plaintiff asserts Zurich had a duty to inform excess insurance carriers of Plaintiff's claim and to cooperate in their investigation. Zurich argues there is nothing in the Zurich policy which obligates it to tender Plaintiff's claim to other insurers.

Plaintiff repeatedly asserts in his Second Amended Complaint, response to Zurich's motion for summary judgment, and statement of uncontroverted facts, Zurich has a responsibility to notify the other insurance companies of his claim. However, he does not provide, in any of these filings, support for this argument. He states the protocol set forth in the policies provided to him dictates the notice, but does not refer the Court to these policies. The Zurich policy does not include any provisions requiring notice to excess insurance carriers and the Court has no other polices before it to consider. Generally, in Missouri, there is no contractual relationship between primary and excess insurers. *Scottsdale Ins. Co. v. Addison Ins. Co.*, 448 S.W.3d 818, 833 (Mo.

9

2014). Without specific support for the argument there is a duty owed between Zurich and the excess insurers, through case law or contract, the Court cannot find Zurich breached this duty. Therefore, there is no genuine issue of material fact regarding whether Zurich improperly failed to notify the other carriers as Plaintiff suggests.

    4.    Umbrella Policy

The only other insurance policy which may potentially cover Plaintiff's injury is the Commercial Umbrella Liability Police No. AUC 9671122 02 ("Umbrella policy"). The Umbrella policy provides insurance for damages in excess of the total limits established in the underlying policy. It has two types of coverage, A and B. Under Coverage A, which is titled "Excess Follow Form Liability Insurance," the policy states "if underlying insurance does not apply to damages, for reasons other than exhaustion of applicable limits of insurance by payments of claims, then Coverage A does not apply to such damages." ECF No. 64-5, pg. 86. Coverage B, titled "Umbrella Liability Insurance" states "we will pay on behalf of the insured, sums as damages the insured becomes legally obligated to pay be reason of liability imposed by law . . ." ECF No. 64-5, pg. 86. Neither of these provides coverage for Plaintiff's underinsured motorist claims. Under Coverage A, the underlying policy does not provide underinsured motorist coverage so Coverage A also does not. Coverage B applies to damages the insured must pay to another, a third-party, not its own employee. Therefore, the Umbrella policy does not provide coverage for Plaintiff's claims.

    5.    Vexatious Refusal to Pay

Count II of Plaintiff's Second Amended Complaint alleges Zurich vexatiously, knowingly, and wantonly refused to pay Plaintiff's demand to compensate him for his medical bills, lost wages and pain and suffering. In Missouri, vexatious refusal to pay requires Plaintiff to

prove there's an insurance policy, the insurer refuses to pay, and the insurer's refusal was without reasonable cause or excuse. *D.R. Sherry Constr. Ltd. v. Am. Family Mut. Ins. Co.*, 316 S.W.3d 899, 907 (Mo. 2010). Here, the Court has determined Plaintiff's claims were excluded under the insurance policy, therefore, Zurich had reasonable cause to refuse to pay Plaintiff's claim, defeating one of the elements of his claim. Plaintiff cannot establish a claim for vexatious refusal to pay.

In conclusion, the insurance policy TJX held with Zurich does not provide underinsured motorist coverage. Thus, Zurich did not breach its contract by refusing to pay Plaintiff's damages. Plaintiff is also unable to establish Zurich had a duty to notify any excess insurance carriers of Plaintiff's claims. Finally, Plaintiff is unable to establish a claim for vexatious refusal to pay, because Plaintiff's claims were not covered by the insurance policy with Zurich. The Court will grant Zurich's motion for summary judgment.

   C.  *American's Motion for Summary Judgment*

Count Five of Plaintiff's Second Amended Complaint asks the Court to enter a declaratory judgment finding American has a contractual obligation to pay Plaintiff's damages that exceed the policy limits set forth in the Zurich policy making American liable to Plaintiff for the sum of $25,000,000. In its motion for summary judgment, American asserts its insurance policy issued to TJX does not provide coverage for Plaintiff's claims. American claims the policy only covers damages to a third party, not the insured's claims. Plaintiff argues there remains a genuine issue of material fact as to whether the underinsured motorist and umbrella/excess coverage insurance has been triggered.

Applying the same rules of construction the Court applied when analyzing Zurich's insurance policy, the Court finds American's policy does not provide coverage for Plaintiff's

11

claims. American's policy states: "We will pay on behalf of any Insured those sums in excess of all Underlying Insurance that any Insured becomes legally obligated to pay as damages . . ." ECF No. 73-3, pg. 19. "Insured" has the same meaning as the term does in the underlying insurance, which is the Zurich policy. ECF No. 73-3, pg. 27. The Zurich policy defines "Insured" as: "a. You for any covered "auto"; b. Anyone else while using with your permission a covered 'auto' you own, hire, or borrow . . ." ECF No. 64-3, pg. 34.

American's argument is persuasive. Plaintiff is making a "first-party" claim against Zurich for underinsured motorist benefits due to injuries incurred in an automobile accident. Under the plain language of the American policy,[11] the "insurer" is The American Insurance Company and the "insured" is The TJX Companies, Inc. Plaintiff is an insured under the Zurich policy, because he was using an auto owned, hired, or borrowed by TJX, with the permission of TJX. As an "insured" under the Zurich policy, Plaintiff is an "insured" under the American policy and American would be liable to pay any amounts Plaintiff became legally obligated to pay as damages to third parties after exhaustion of underlying liability limits up to limits of the American policy. In no event would American's policy cover personal injuries of its insured, caused by a third party, such as the injuries caused to Plaintiff by Marc Smith. American's policy only covers damages owed *by* Plaintiff. No other benefits including underinsured or uninsured coverage is available to Plaintiff under this policy. American does not have a contractual obligation to pay any damages Plaintiff occurred in his accident. Plaintiff's argument there is a genuine issue of material fact as to whether the underinsured motorist and umbrella/excess coverage insurance has been triggered is rejected. The Court will grant American's motion for summary judgment.

---

[11] The American policy is an Allianz ("Fireman's Fund) insurance policy, number SHX31531312.

D.      *Federal's Motion for Summary Judgment*

In Count Four of Plaintiff's Second Amended Complaint, Plaintiff asks the Court to enter a declaratory judgment finding Federal has a contractual obligation to pay Plaintiff's damages that exceed the policy limits set forth in the Zurich policy making Federal liable to Plaintiff for $25,000,000. Federal argues underinsured motorist coverage is excluded under its policy, and it only applies to third-party claims. Further, Federal asserts, if Zurich's policy does not provide coverage, then Federal's policy also does not provide coverage. Plaintiff contends there is a genuine issue of material fact as to whether the policy provides coverage.

Applying the same rules of construction the Court applied when analyzing Zurich's insurance policy, the Court finds Federal's policy does not provide coverage over Plaintiff's claims. Federal's policy states "we will pay, on behalf of the insured, that part of loss, to which this insurance applies, which exceeds the applicable underlying limits." ECF No. 77-2, pg. 11. It further states: "This insurance does not apply to any damages, loss, cost or expense or obligation of any insured under any: medical expenses or payments coverage or law; no fault coverage or law; personal injury protection coverage or law; underinsured or uninsured financial responsibility coverage or law; . . ." ECF No. 77-2, pg. 14. Similar to American's policy, Federal's definition of insured applies the definition used in Zurich's policy.

These provisions clearly state damages, including medical expenses and those caused by underinsured motorists to an insured, which includes Plaintiff, are not covered by the policy. Therefore, Plaintiff's claims for injuries caused by an underinsured motorist are not covered and Federal does not have a contractual obligation to pay Plaintiff's damages. The Court will grant Federal's motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Zurich American Insurance Company's Motion for Summary Judgment [ECF No. 62] is **GRANTED**. All claims against Defendant Zurich American Insurance Company shall be **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant American Insurance Company's Motion for Summary Judgment [ECF No. 72] is **GRANTED**. All claims against Defendant American Insurance Company shall be **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant Federal Insurance Company's Motion for Summary Judgment [ECF No. 76] is **GRANTED**. All claims against Defendant Federal Insurance Company shall be **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant Zurich American Insurance Company's Motion to Deem Facts Admitted and Strike Plaintiffs' Additional Facts [ECF No. 80] is **DENIED**.

Dated this 26th Day of July, 2017.

*E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE