**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ROGER SMITH, )<br>)<br>Plaintiff(s), )<br>)<br>v. )<br>)<br>ZURICH AMERICAN INSURANCE )<br>COMPANY, et al., )<br>)<br>Defendant. ) | No. 4:16CV00187 ERW |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant The Travelers Companies and Non-Party The Travelers Indemnity Company's Motion to Quash Service and to Dismiss Plaintiff's Claim for Insufficient Process and Insufficient Service of Process [ECF No. 70].

**I.    BACKGROUND**

On December 29, 2015, Plaintiff Roger L. Smith ("Plaintiff") filed a petition in the Circuit Court of Saint Louis County, Missouri, asserting Defendant Zurich American Insurance Company breached its contract with Plaintiff to pay for Plaintiff's damages from a car accident with an underinsured motorist. On February 11, 2016, the matter was removed to this Court. On July 8, 2016, Plaintiff filed a first amended complaint adding The Travelers Companies ("Travelers"), Chubb Limited, and Allianz SE as defendants. On August 30, 2016, Plaintiff filed a second amended complaint removing Chubb Limited and Allianz SE as defendants and adding Federal Insurance Company and the American Insurance Company.

On January 20, 2017, the Court ordered Plaintiff to show cause as to why Travelers had not been served with the Second Amended Complaint. Plaintiff asked for additional time to effectuate service, and the Court granted Plaintiff until February 17, 2017, to do so. On March 3,

1

2017, Travelers filed a motion to dismiss for failure to obtain sufficient process or service of process, which the Court granted, in part. The Court quashed Plaintiff's service to Travelers but did not dismiss the count asserted against Travelers. The Court granted Plaintiff fourteen days to effectuate proper service.

On April 3, 2017, at the request of Plaintiff, the Clerk of the Court issued an alias summons directed to "The Travelers Companies." On April 5, 2017, Plaintiff's process server delivered to Ivelisse Reyes, a legal secretary employed by non-party The Travelers Indemnity Company, a copy of the Second Amended Complaint, and a document styled as an alias summons directed to "The Travelers Indemnity Company." The alias summons, issued by the Court, directed to "The Travelers Companies" was never delivered to Ms. Reyes, or anyone at Travelers. On April 6, 2017, Plaintiff filed two proofs of service, one with the alias summons for The Travelers Companies attached, and one with the alias summons for The Travelers Indemnity Company attached. Both proofs of service filed by Plaintiff state summons was served on The Travelers Indemnity Company.

Travelers, and non-party The Travelers Indemnity Company, ask the Court to quash service and dismiss Count III, with prejudice. Plaintiff admits service should not have been effected on The Travelers Indemnity Company, and the motion should be granted as to this non-party. Plaintiff also concedes dismissal of Count III against Travelers is appropriate due to insufficient process and service of process. However, Plaintiff argues it should be dismissed without prejudice, because "the record reflects ineptitude . . . it does not reveal disregard or willful disobedience of the Court's order."

## II.    DISCUSSION

Federal Rule of Civil Procedure ("FRCP") 4(c)(1) requires a summons to be served to the defendant, along with a copy of the complaint. The summons and complaint must be served within the time allowed by Rule 4(m). *Id*. Rule 4(m) allows for 90 days to serve a complaint, unless good cause is shown for the failure to serve within the specified time period.[1] Rules 12(b)(4) and 12(b)(5) permit a defendant to challenge the sufficiency of process or service of process in a motion to dismiss.

Here, it is clear, and Plaintiff admits, Travelers was not properly served. Plaintiff also concedes service should not have been effectuated on non-party The Travelers Indemnity Company and should be quashed. The only remaining issue for the Court to determine is whether Count III of Plaintiff's Second Amended Complaint against Travelers should be dismissed with or without prejudice. Defendant Travelers asks the Court to dismiss Count III with prejudice pursuant to Rule 41(b) due to Plaintiff's failure to comply with the Court's orders and the FRCP.

Rule 41(b) states "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "Dismissal with prejudice under Fed. R. Civ. P. 41(b) is a drastic sanction which should be exercised sparingly." *Pardee v. Stock*, 712 F.2d 1290, 1290 (8th Cir. 1983). "The court should resort to dismissal of an action only when there has been a "clear record of delay or contumacious conduct by the plaintiff." *Id*.

In this case, the Court has given Plaintiff numerous chances and an extensive amount of time to effectuate service on Travelers, but he has repeatedly failed to do so. Notwithstanding the Court's orders to properly effectuate service within fourteen days, Plaintiff failed to do so. Although service was attempted within the fourteen days, it was not properly effectuated. There is an allegation an official court document was altered and attempt was made to pass the altered

---

[1] Rule 4(m) was amended in 2015 to change the length of time for service from 120 days to 90 days.

3

document as an official court document. The altered document was served on a party, represented as an official court document. A summons cannot be altered by anyone except the Clerk of the Court. Because of Plaintiff's repeated failures to effectuate service, despite the Court's extensions of time and allowance to effect service rather than dismiss after the first motion to dismiss, and presentation of an altered document represented as an official court document, the Court finds dismissal with prejudice is appropriate pursuant to FRCP 41(b). The Court will grant the motion to quash and dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant The Travelers Companies and Non-Party The Travelers Indemnity Company's Motion to Quash Service and to Dismiss Plaintiff's Claim for Insufficient Process and Insufficient Service of Process [ECF No. 70] is **GRANTED**. Count III of Plaintiff's Second Amended Complaint against Defendant The Travelers Companies is **DISMISSED, with prejudice**.

Dated this 26th Day of July, 2017.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE